UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NOAH HARRIS,

                          PLAINTIFF,          **COMPLAINT**

            -AGAINST-                    17-CV-8760

NEW YORK CITY, POLICE OFFICER FAIROZE
EDOO, POLICE OFFICER BRIAN MAHON, POLICE
OFFICER JOHN DOE 1, POLICE OFFICER JOHN DOE
2 and POLICE OFFICER JOHN DOE 3, individually, and
in their capacity as members of the New York City Police
Department,

                          DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Mr. Noah Harris ("Mr. Harris") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about October 21, 2016, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Harris to *inter alia* false arrest, excessive force, and Malicious Prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff, Mr. Harris, is a 21-year-old citizen of the United States and at all times here relevant resided at 2605 Marion Avenue, Apartment 2D, Bronx, NY 10458.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Fairoze Edoo ("PO Edoo"), Police Officer Brian Mahon ("PO Mahon"), Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), and Police Officer John Doe 3 ("PO John Doe 3") at all times here relevant were members of the NYPD and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Harris is 21-years old and prior to this incident had been working at ABC Carpets in Manhattan.

11. On or about the evening of October 21, 2016, Mr. Harris was with friends in the vestibule of the building in which he lives.

12. The building is a private-apartment-building.

13. At approximately 9:00 pm several police officers, including PO Edoo, PO Mahon, and PO John Doe 1, entered the vestibule without consent.

14. The officers searched everyone in the vestibule, including Mr. Harris, without consent.

15. Mr. Harris then questioned the officers' actions.

16. PO Edoo reacted by grabbing at Mr. Harris.

17. Several other officers, including PO Mahon, grabbed Mr. Harris around the throat.

18. PO John Doe 1 then forcefully struck Mr. Harris with his elbow on the back of Mr. Harris' head.

19. The impact of the blow from PO John Doe 1 caused Mr. Harris to clash heads with PO Mahon.

20. Mr. Harris immediately felt pain in both the front and back of his head.

21. Mr. Harris was taken outside by PO Edoo and handcuffed behind his back.

22. Mr. Harris was placed in a police car.

23. While inside the police car, Mr. Harris was punched in the face by PO John Doe 3.

24. Mr. Harris was eventually taken to the 52nd Precinct and held in a cell.

25. After several hours Mr. Harris was transferred to central bookings.

26. In the afternoon of October 22, 2016, Mr. Harris was arraigned on felony charges of assaulting a police officer.

27. Mr. Harris was transferred and held on the Vernon C. Bain Maritime Facility.

28. On or about October 28, 2016, Mr. Harris was taken back to court and the assault charges were dismissed.

29. Upon information and belief, the assault charges were dismissed based on CCTV footage of the incident.

30. Upon information and belief, several police officers, including PO John Doe 3, were aware of and had viewed the CCTV footage of the incident on the night of the incident.

31. Mr. Harris was released from custody on the evening of October 28, 2016.

32. Mr. Harris had to attend court again on or about January 31, 2017, at which time all charges were dismissed.

33.  Mr. Harris was upset by the incident and continues to feel traumatized by the events of October 2016.

34. Mr. Harris is wary and fearful when he sees police officers and takes efforts to avoid police officers when in public.

35. Mr. Harris suffered physical injuries as a result of the incident, including, but not limited to, a sore head and ongoing headaches.

36. Mr. Harris suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

39. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

40. Defendants confined Plaintiff.

41. Plaintiff was aware of, and did not consent to, his confinement.

42. The confinement was not privileged.

43. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### SECOND CAUSE OF ACTION

(42 USC 1983 – Improper Search)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was subjected to an improper search and frisk by Defendants without a valid warrant, without consent, without probable cause and without privilege.

46. Plaintiffs has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

49. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was maliciously prosecuted by Defendants.

50. The malicious prosecution was initiated by Defendants without legal justification and without probable cause, in that Defendants caused the commencement and continuation of criminal proceedings against Plaintiff, the proceedings terminated in favor of Plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to Plaintiff's rights.

51. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 – Excessive Use of Force)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

54. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

55. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

### FIFTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

56. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

57. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

58. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

59. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

60. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SIXTH CAUSE OF ACTION

(Failure to Intervene)

61. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

62. Defendant PO Edoo violated Plaintiff's constitutional rights by falsely arresting Plaintiff, without legal justification.

63. Defendants PO Mahon and PO John Doe 1 knew, or should have known, that PO Edoo did not have legal justification for the arrest of Plaintiff.

64. Defendants PO Mahon and PO John Doe 1 failed to intervene to prevent PO Edoo from falsely arresting Plaintiff.

65. Defendants PO Mahon and PO John Doe 1 had sufficient time to intercede and had the capability to prevent PO Edoo from falsely arresting Plaintiff and violating Plaintiff's Fourth Amendment rights.

66. Plaintiff has been damaged a result of the actions of Defendants PO Mahon and PO John Doe 1 in an amount believed to equal or exceed the jurisdictional limit of this Court.

67. Defendants also violated Plaintiff's constitutional rights by maliciously prosecuting Plaintiff, without legal justification.

68. Defendants PO Mahon, PO John Doe 1, and PO John Doe 3 knew, or should have known, that Defendants did not have legal justification for the prosecution of Plaintiff.

69. Defendants PO Mahon, PO John Doe 1, and PO John Doe 3 failed to intervene to prevent Defendants from maliciously prosecuting Plaintiff.

70. Defendants PO Mahon, PO John Doe 1, and PO John Doe 3 had sufficient time to intercede and had the capability to prevent Defendants from maliciously prosecuting Plaintiff and violating Plaintiff's Fourth Amendment rights.

71. Plaintiff has been damaged a result of the actions of PO Mahon, PO John Doe 1, and PO John Doe 3 in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

72. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 10, 2017

By: ____/s/_____
Malcolm Anderson (MA 4852)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075