UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

NOAH HARRIS,

                              Plaintiff,

        -against-

NEW YORK CITY, et al.

                             Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS THE CITY OF NEW YORK, OFFICER EDOO, AND OFFICER MAHON**

17-CV-8760 (RJS)

<u>Jury Trial Demanded</u>

ECF Case

------------------------------------------------------------------------ x

        Defendants the City of New York, Officer Edoo, and Officer Mahon by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to seek relief as stated therein.

        2. Deny the allegations in paragraph "2" of the Complaint, except state that the allegations that the officers were "acting under color of state law" is a legal conclusion to which no response is required.

        3. Deny the allegations in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        4. Deny the allegations in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein

        5. Deny the allegations in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue in this District as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7. Admit the allegations in paragraph "7" of the Complaint.

8. Deny the allegations in paragraph "8" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding John Doe officers, and admit that, on or about October 22, 2016, Officers Edoo and Mahon were employed by the City of New York as police officers, and that plaintiff purports to proceed as stated therein.

9. Deny the allegations in paragraph "9" of the Complaint, except state that the allegations in paragraph "9" of the Complaint are legal conclusions to which no response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint.

11. Deny the allegations in paragraph "11" of the Complaint, except admit that on October 22, 2016 plaintiff was present in 2605 Marion Avenue, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was with friends and that this was the building in which plaintiff lives.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint.

13. Deny the allegations in paragraph "13" of the Complaint, except admit that Officer Edoo and Officer Mahon entered the apartment building.

14. Deny the allegations in paragraph "14" of the Complaint.

15. Deny the allegations in paragraph "15" of the Complaint.

16. Deny the allegations in paragraph "16" of the Complaint.

17. Deny the allegations in paragraph "17" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe" defendants as they pertain to unidentified individuals.

18. Deny the allegations in paragraph "18" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe 1" defendant as they pertain to an unidentified individual.

19. Deny the allegations in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21. Deny the allegations in paragraph "21" of the Complaint, except admit that plaintiff was placed in handcuffs and brought to a police vehicle.

22. Deny the allegations in paragraph "22" of the Complaint, except admit that plaintiff was placed in a police vehicle.

23. Deny the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint, except admit that plaintiff was brought to the 52nd Precinct and placed in a holding cell.

25. Deny the allegations in paragraph "25" of the Complaint, except admit that plaintiff was eventually transferred to Central Booking.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the Complaint, except admit that plaintiff was arrested for assaulting a police officer.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint.

37. In response to the allegations in paragraph "37" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

38. Deny the allegations in paragraph "38" of the Complaint.

39. Deny the allegations in paragraph "39" of the Complaint.

40. Admit the allegations in paragraph "40" of the Complaint.

41. Deny the allegations in paragraph "41" of the Complaint.

42. Deny the allegations in paragraph "42" of the Complaint.

43. Deny the allegations in paragraph "43" of the Complaint.

44. In response to the allegations in paragraph "44" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

45. Deny the allegations in paragraph "45" of the Complaint.

46. Deny the allegations in paragraph "46" of the Complaint.

47. In response to the allegations in paragraph "47" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

48. Deny the allegations in paragraph "48" of the Complaint.

49. Deny the allegations in paragraph "49" of the Complaint.

50. Deny the allegations in paragraph "50" of the Complaint.

51. Deny the allegations in paragraph "51" of the Complaint.

52. In response to the allegations in paragraph "52" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

53. Deny the allegations in paragraph "53" of the Complaint.

54. Deny the allegations in paragraph "54" of the Complaint.

55. Deny the allegations in paragraph "55" of the Complaint.

56. In response to the allegations in paragraph "56" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

57. Deny the allegations in paragraph "57" of the Complaint.

58. Deny the allegations in paragraph "58" of the Complaint.

59. Deny the allegations in paragraph "59" of the Complaint.

60. Deny the allegations in paragraph "60" of the Complaint.

61. In response to the allegations in paragraph "61" of the Complaint, defendants repeat and reallege the responses in the preceding paragraphs of this answer, as if fully herein.

62. Deny the allegations in paragraph "62" of the Complaint.

63. Deny the allegations in paragraph "63" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe 1" defendant as they pertain to an unidentified individual.

64. Deny the allegations in paragraph "64" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe 1" defendant as they pertain to an unidentified individual.

65. Deny the allegations in paragraph "65" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe 1" defendant as they pertain to an unidentified individual.

66. Deny the allegations in paragraph "66" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe 1" defendant as they pertain to an unidentified individual.

67. Deny the allegations in paragraph "67" of the Complaint.

68. Deny the allegations in paragraph "68" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe" defendants as they pertain to unidentified individuals.

69. Deny the allegations in paragraph "69" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe" defendants as they pertain to unidentified individuals.

70. Deny the allegations in paragraph "70" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe" defendants as they pertain to unidentified individuals.

71. Deny the allegations in paragraph "71" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "John Doe" defendants as they pertain to unidentified individuals.

72. State that the allegations in paragraph "72" of the Complaint are not averments of fact that require a response.

**FIRST AFFIRMATIVE DEFENSE:**

73. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

74. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

**THIRD AFFIRMATIVE DEFENSE:**

75. Plaintiff provoked any incident that occurred.

**FOURTH AFFIRMATIVE DEFENSE:**

76. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**FIFTH AFFIRMATIVE DEFENSE:**

77. There was probable cause for plaintiff's arrest and detention.

**SIXTH AFFIRMATIVE DEFENSE:**

78. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**SEVENTH AFFIRMATIVE DEFENSE:**

79. Defendants Officer Edoo and Officer Mahon have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**EIGHTH AFFIRMATIVE DEFENSE:**

80. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

81. Punitive damages cannot be assessed against defendants the City of New York, Officer Edoo, or Officer Mahon in their official capacities.

**TENTH AFFIRMATIVE DEFENSE:**

82. Plaintiff has failed to mitigate his alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE:**

83. To the extent any force was used, such force was reasonable, necessary and justified.

## TWELFTH AFFIRMATIVE DEFENSE:

84. Plaintiff has failed to state a viable <u>Monell</u> claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

**WHEREFORE,** defendants the City of New York, Officer Edoo, and Officer Mahon request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 5, 2018

                ZACHARY W. CARTER
                Corporation Counsel of the
                  City of New York
                *Attorney for defendants the City of New York,*
                *Officer Edoo, and Officer Mahon*

By:     /S/
      Debra March
      Assistant Corporation Counsel
      Special Federal Litigation Division
      New York City Law Department
      100 Church Street
      New York, New York 10007
      (212) 356-2410

cc: **VIA ECF**
    Duncan Archie Peterson
    Attorney for Plaintiff

cc: **VIA ECF**
    Malcolm Alastair Anderson
    Attorney for Plaintiff